George Middleton,
Guardian
vs. } P. A. No. 565.
George Middleton, Jr.

November 26, 1932.

JOSLIN, J. This is an appeal by George Middleton, Sr., as guardian of the person and estate of George Middleton, Jr., his son, a minor, from the decree of the Probate Court of the City of Providence, disallowing all but two small items of the guardian's account.

The jury returned a verdict allowing the account of the guardian to the extent of the full amount received by him, thereby showing no balance in the hands of the guardian. The matter now comes before the Court on the motion of the ward for a new trial.

The father was appointed guardian over the person and estate of his son, then a minor, on August 1, 1922. In his account, the guardian charged himself with the receipt of sums aggregating $1,085.45. He asked for the allowance of credits representing over $4,700. These credits were generally for disbursements actually spent by the guardian for the support and education of his son from 1922 to 1930. The jury allowed him $1,085.45, thereby balancing the account.

The ward denies that the guardian should have credit for these disbursements because he is his father and as such he was under the legal duty to support and educate his son, and that, therefore, he had no right to use the money in the estate for this purpose.

The law imposes upon a father the legal duty to support and educate his minor son, the nature and extent of which necessarily are largely left to the father's discretion. They are determined by the facts and circumstances of each individual case, taking into consideration the financial resources and station in life of the son and the father. Furthermore, a father who is able to do so is bound to support and educate his son at his own expense, although the son may have an estate sufficient in whole or in part for the purpose. However, this does not apply where the father has no means, or his own estate is limited, or there are other exceptional circumstances.

The father contended that he had no adequate means of his own; that he was financially embarrassed; and that he went into debt for his son's support and education.

The case was submitted to the jury under instructions in the law relative to the duty of one who was both father and guardian to his son and ward in respect to the right to use the corpus of the ward's estate for his support and education.

In the opinion of the Court, the weight of the evidence supported Mr. Middleton, Sr., in his contention, and the jury were warranted in concluding that there were exceptional circumstances which gave him the right to use his son's estate pro tanto for the latter's support and education.

The ward further argues that the guardian has no right to use the principal of his estate unless he first petitions the Probate Court and obtains its sanction. It is true that no such right was given by or asked of the Probate Court. However, the law gives a guardian the right to leave his conduct to the subsequent approval of the supervising authority when he presents his final account for allowance. He assumes the risk of obtaining such approval.

20 R. I. 657.

The jury gave its approval after a full hearing. Their verdict was just and was fully warranted by the evidence.

Motion for new trial denied.

For appellant: F. L. Hanley, Harlow & Boudreau.

For appellee: William C. H. Brand.